Dickman, J.
By section 543 of the Municipal Code, as amencled March 20, 1875, (72 Ohio Laws, 68,) it was provided, that in all cities of the first class, the special assessment upon any lot or land.for any street improvement may amount to twenty-five per cent, of its value after such improvement is made — the cost exceeding such per'cent, to be paid by the corporation out of its general revenue. The section provided further, “ that in any municipal corporations, when. three fourths in interest represented by the feet front, of the owners of property abutting upon any street or highway of any description, petition for any improvement of such street or highway, none of the foregoing limitations, of this section shall be operative or binding.” The essential question to be. determined in this1 case is, Whether within the meaning of the last proviso in section 543, three fourths in interest of the property owners petitioned for the improvement, as made, of Woodland avenue. Two petitions were presented — one, signed by a majority in interest of the petitioning owners, asking, that t[ie avenue be “paved with eight feet of stone on each side, *385 and twenty-four feet of wood between the stone,” and one, signed by a minority in interest of such petitioning owners, asking, that the avenue be “paved with not less than thirty-two feet of wood center treated with the Thilmany process, and balance of s-tone.”
It is conceded, as appears by the bill of exceptions, that the pavement. of the avenue as completed, consisted of twenty-four feet in width of wood treated with the Thilmany'process, and of éight feet in width of stone on each side of the wood. The relative amounts of' wood and stone, requested in the majority petition, were thus adopted. If those who signed the minority petition are to be counted —and we are of opinion that they should be — three fourths in interest of the property owners petitioned for the pavement as it was actually made. The proviso of the statute having been thus complied with, the limitation of the assessment'to twenty-five per cent. of the value of the abutting land,'after the improvement was made, ceased to be operative or binding. ■ ■
It is contended, in behalf of the plaintiffs in error, that the minority' petition was coupled with an indispensable condition, that 'the pavement should be laid with the designated material in certain quantities, and not otherwise. We do riot so understand the language or intention of the petitioners. The gist of their .petition was, that stone and wood treated with the Thilmany process should be used in paving the avenue; and the petitioners indicated a preference for a pavement with'“not less than thirty-two feet wood centre.” But they certainly did not, either expressly or by implication, design to convey the impression, that if their preference was not followed, they desired to be no longer regarded in the light of petitioners for a wood and stone pavement of any kind. Their language was addressed to the council rather. by way of suggestion than as a condition, as: is manifest from their endeavor to- enforce their choice by> the argument, that a street railroad' track would probably be laid in the avenue, and in that case, the effect of a less width of wood center than thirty-two feet, would *386 be to destroy tbe driving on the wooden part of the road way. The effort to thus lead the judgment of the council, was a-virtual acknowledgment, that it devolved upon that body, in their discretion, to determine between the two methods respectively asked for by the signers of the majority and minority petitions.
Municipal corporations are vested with very ample powers in reference to the care, supervision, and control of streets. It is made the duty of the city council, to cause all public highways and streets to be kept open and in repair, and free from nuisance. When it is deemed necessary to make a street improvement, the council must declare by resolution the necessity of such improvement; and cause plans and profiles of the same to be prepared, and kept on file for the inspection of interested parties; and pass an ordinance for the purpose. The municipal corporation may improve streets, without obtaining the consent of property owners along the line, and after the completion of the improvement, may assess the cost and expense of the same upon the abutting lots, to the limit of twenty-five per cent, of their value after the improvement is made. But these powers are to be exercised, and these duties discharged, not with reference to the sole benefit of the owners of the abutting property, but in view of accommodating the public at large.
It is evident, therefore, that there is much room for the exercise of a large discretion, on the part of the city government. If the council, upon their own volition, take no steps to improve a street, but the initiative, by petition, is taken by the owners of abutting property, their action would indicate a reliance upon the council to exercise an honest and reasonable discretion, in granting or refusing their request. If petitioners representing different interests, ask for substantially the same improvement, but do not concur as to some subordinate requirements ; and if as to the main features of the work, the wishes of all the petitioners are carried out, it cannot be urged with reason, that the improvement was made without *387 the property owners having petitioned for the same. The petitioners would be presumed to be cognizant of the discretionary powers of the council, and to have asked for the improvement in the desired mode, subject to such modifications, as in the judgment of that body, might be deemed suitable. In the present case, while Woodland avenue was not paved with a wood center of thirty-two feet, it was paved with stone and wood treated by the Thilmany proeesss. The main point of both petitions was, that wood and stone were to be used. While the majority petition was adopted, as to the quantities of the constituent materials to be used, the minority petition was followed in using wood treated with the Thilmany process. The two classes of petitioners did not agree as to the proportions of the component materials; but all parties were united, in seeking the one desirable object — a pavement of wood and stone.
The underlying principle of local assessments is, that the owner of abutting property, is remunerated by the special benefit which his property receives from the improvement of the street. If for their own special convenience, and to increase the value of their property, three fourths in interest of the owners of abutting lots prefer the street to be paved with an expensive material, superior to that of many other streets, and which the city council would not select except upon special application, they should not be unwilling to bear the extra cost above the statutory limitation of twenty-five per cent. And, when a portion of the property owners petition for one kind of pavement, and the remainder ask for a pavement substantially though not identically the same; and when, upon due consideration, the city government makes the improvement in accordance with the wishes of all parties as far as practicable, the owners, after such substantial compliance with their wishes, should not be permitted to evade a liability created by their own act, and shift the main burden of the cost upon the general revenue, on the ground, that they did not all petition for exactly the same thing, or that the improvement varied *388 in some slight particular from the express terms of one of their petitions.
In our view of this case, it becomes unnecessary to consider the question of estoppel raised by the defendant in error, viz.: Whether — the city having interpreted the language employed in tbe minority petition as imposing no condition; and the petitioners, with full knowledge of that fact, having acquiesced therein by permitting tbe city to proceed in making the improvement without objection or protest — tbe petitioners are estopped to deny the correctness of sucb interpretation, or to assert a condition. Tbe judgments of tbe courts below must be affirmed.

Judgment accordingly.